# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JACK PEAK, | ) |
|       **Plaintiff,** | ) CASE NO.: 1:21-CV-02367 |
| | ) |
| | ) **JUDGE SARA LIOI** |
| -v- | ) |
| | ) |
| YELLOW CORPORATION f/k/a YRC WORLDWIDE, INC. | ) |
| | ) |
|       **Defendant.** | ) |

## DECLARATION OF LEAH DAWSON

Pursuant to 28 U.S.C. § 1746, I, Leah Dawson, hereby declare as follows:

1. I am Executive Vice President, General Counsel and Secretary at Yellow Corporation ("Yellow") and am a resident of the State of Kansas. I submit this declaration in support of Yellow's motion to transfer venue to the District of Kansas pursuant to 28 U.S.C. § 1404(a). I am informed and believe, and upon such information and belief state:

2. Yellow Corporation is a transportation holding company that employs over 30,000 people in North America, including approximately 1,000 at its former headquarters in Overland Park, Kansas, where it maintains its legal department, labor department and significant other operations.

3. In February 2020, Yellow's former Chief Operating Officer, T.J. O'Connor and Jack Peak began discussing Mr. Peak's potential employment by Yellow.

4. In late June 2020, Yellow retained Mr. Peak as a labor advisor and the parties continued discussions regarding the potential hiring of Mr. Peak as a full-time employee.

5. In September 2020, I was promoted from Assistant General Counsel and Assistant Secretary of Yellow's predecessor YRC Worldwide, Inc. to Executive Vice President, General Counsel and Secretary, and I maintain control of all Yellow's legal functions.

*Peak v. Yellow Corporation*
Case No. 1:21-CV-02367
Declaration of Leah Dawson
Page 2

6. In December 2020, Mr. O'Connor, on behalf of Yellow, made Mr. Peak a written offer of employment (the "Offer").

7. On December 19, 2020, Mr. Peak signed the Offer and sent it back to Mr. O'Connor with a cover email outlining the areas of responsibility over which Mr. Peak felt he should be given control.

8. To the best of my knowledge and belief, Yellow never confirmed that those areas would be placed under Mr. Peak's control.

9. During negotiations with Mr. O'Connor, Mr. Peak proposed and advocated that Yellow hire his close friend (and one of Yellow's outside counsel), Jack Strauch, to oversee Yellow's litigation and claims programs so that Mr. Peak could focus on labor relations issues. Mr. Peak proposed that Yellow offer Strauch a compensation package similar to his own.

10. Yellow rejected Mr. Peak's proposal and advised that any hire of Mr. Strauch would need to be within Yellow's guidelines.

11. Mr. Peak maintained an office at Yellow's offices (then its headquarters) in Overland Park, Kansas during his tenure with Yellow in early 2021, where he traveled on several occasions between January and March 2021 in connection with his employment.

12. On or about January 9, 2021, in direct violation of Yellow's authorization for expenditure policy and unbeknownst to anyone else at Yellow, Mr. Peak drafted and sent Mr. Strauch a legal services agreement that purported to pay Mr. Strauch $1.78 million for two years of legal services to oversee Yellow's litigation.

13. On March 16, 2021, Mr. Peak resigned his employment with Yellow and instructed his assistant to process payment of an invoice issued by Mr. Strauch. That same day, Mr. Strauch

terminated his legal services agreement with Yellow and demanded payment of nearly two million dollars for services he never rendered.

14. Until that day, no one at Yellow, other than Mr. Peak, was aware of any legal services agreement or financial arrangement with Mr. Strauch, and Yellow's decision not to pay Mr. Strauch any consulting fees based on his demand was made at Yellow's offices in Overland Park, Kansas.

15. As far as I know, none of the key witnesses in this action, other than Mr. Peak, reside in Ohio. I further understand that Mr. Peak has identified the following witnesses, all of whom are employed by Yellow at its offices in Overland Park, Kansas:

- a. **James Faught:** Mr. Faught is the former Controller and current Chief Accounting Officer at Yellow, is employed at Yellow's offices in Overland Park, Kansas, and has knowledge regarding Mr. Peak's tenure as an employee.

- b. **Diane Meyers:** Ms. Meyers is the Director of Risk Management for Corporate Insurance at Yellow, is employed at Yellow's offices in Overland Park, Kansas, and has knowledge regarding Mr. Peak's tenure as an employee.

- c. **Patrice Brown:** Ms. Brown is Assistant General Counsel and Vice President of Diversity, Equity and Inclusion at Yellow, is employed at Yellow's offices in Overland Park, Kansas, and has knowledge regarding Mr. Peak's tenure as an employee.

- d. **Joseph Pec:** Mr. Pec is Vice President - Legal and Assistant Secretary at Yellow, is employed at Yellow's offices in Overland Park, Kansas, and has knowledge regarding Mr. Peak's tenure as an employee.

*Peak v. Yellow Corporation*
Case No. 1:21-CV-02367
Declaration of Leah Dawson
Page 4

16. Requiring Yellow's non-executive employees and current and former members of Yellow's senior management, including its current CEO and myself, to travel Ohio for depositions and to participate in the trial of this case would be inconvenient and disruptive to Yellow's operations.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Overland Park, Kansas
        March 1, 2022

*Leah K. Dawson*
_____
Leah K. Dawson